**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANIYA HOSKINS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-3863** |
| | : | |
| **ANDREW SPIVACK, *et al.*,** | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**PEREZ, J.** **SEPTEMBER 18, 2026**

Plaintiff Aniya Hoskins filed this *pro se* civil action against Defendants Andrew Spivack and Westlake Services, LLC (Westlake) as well as a Motion for Leave to Proceed *In Forma Pauperis*. In a previous Order, Hoskins was granted leave to proceed *in forma pauperis*. (*See* ECF No. 7.) For the following reasons, the Court will dismiss the Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Westlake's Motion to Dismiss (ECF No. 5) and Hoskins's "Emergency Motion for Clarification" (ECF No. 8) will be denied as moot.

## I. FACTUAL ALLEGATIONS AND PROCEDRUAL HISTORY[1]

Hoskins provides no factual narrative in her form Complaint. She simply states that, from May 2024 through the present, "Westlake Financial Services and Andrew Spivack have violated federal collection laws and deceitful practices to undermine the Court proceedings." (Compl. at 3.) In the Basis for Jurisdiction section of the form, she circles both "Federal Question" and "Diversity of Citizenship,", and cites to the Fair Debt Collections Practices Act (FDCPA), the Americans with Disabilities Act (ADA), and Pennsylvania's Fair Credit Extension

[1] The factual allegations set forth in this Memorandum are taken from Hoskins's Complaint. The Court adopts the sequential pagination assigned by the CM/ECF docketing system.

Uniformity Act (FCEUA). (*Id*. at 2.) She appears to claim that the Defendants committed fraud, gave her legal advice "to deceive and mislead the Courts," lied, and "pretend[ed] to forget things when submitting false information to the Courts." (*Id*. at 4.) Hoskins asserts that she has sustained depression and intentional and severe emotional distress. (*Id*.) She seeks monetary damages. (*Id*.)

After the Complaint and motion to proceed *in forma pauperis* were filed, Westlake filed a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 5.) The Court granted Hoskins's motion to proceed *in forma pauperis* and held Westlake's Rule 12 motion in abeyance pending screening of Hoskins's Complaint pursuant to 28 U.S.C. § 1915. (ECF No. 7.) Hoskins filed an "Emergency Motion for Clarification" in which she questions the applicability of the screening provision of the *in forma pauperis* statute under 28 U.S.C. § 1915(e)(2)(B) to her case. (ECF No. 8.)

## II. STANDARD OF REVIEW

Because Hoskins is proceeding *in forma pauperis* pursuant to 28 U.S.C. §1915, the Court must dismiss the Complaint if it is frivolous, fails to state a claim, or seeks money damages from an immune defendant. *See* 28 U.S.C. § 1915(e)(2)(B). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether a complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 560 U.S. 544, 556 (2007)). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether

the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Hoskins is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant also "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Mala*, 704 F.3d at 245; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations . . . this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

A complaint may also be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011) (*per curiam*) (stating that "[e]ach averment must be 'simple, concise, and direct'" (quoting Fed. R. Civ. P. 8(d)(1))). The United States Court of Appeals for the Third Circuit explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at

issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Gowans v. Axsom,* No. 25-2070, 2025 WL 2848907, at *1 (3d Cir. Oct. 8, 2025) (*per curiam*) ("Fundamentally, Rule 8 requires that a complaint provide fair notice of what the claim is and the grounds upon which it rests." (quoting *Garrett*, 938 F.3d at 92))). In other words, a complaint must contain sufficient clarity "to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim." *Testa v. Internal Revenue Serv.,* No. 22-3382, 2023 WL 8271966, at *1 (3d Cir. Nov. 30, 2023) (*per curiam*) (quoting *Glover v. FDIC*, 698 F.3d 139, 147 (3d Cir. 2012)). In addition, Rule 8 standards "operates in tandem with that of Rule 10," which requires that a pleading contain a caption with the Court's name and the names of the parties, and that claims be listed in numbered paragraphs. *Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (citing Fed. R. Civ. P. 10). The purpose of these rules is to make clear to the Court and the defendants the factual basis for a plaintiff's claims so that the defendants can meaningfully respond to those claims. *Segreaves v. Haines,* No. 24-4356, 2024 WL 5008503, at *4 (E.D. Pa. Dec. 5, 2024) ("The purpose of Rule 10 is to create clarity in pleadings, which allows a defendant and the Court to determine whether there are sufficient facts to support a claim entitling a plaintiff to relief." (quotation omitted)).

## III. DISCUSSION

Hoskins may not proceed with her claims as alleged because they are so factually threadbare that neither the Court nor any Defendant could be expected to understand their nature

or what factual basis she is claiming to underlie each claim. The Federal Rules of Civil Procedure state that a complaint must state its claims in numbered paragraphs, and must contain a short and plain statement of the grounds for the court's jurisdiction and the factual basis for each claim, as well as a demand for the relief sought. Fed. R. Civ. P. 8 and 10. The Complaint must articulate what actions each Defendant took that give rise to Hoskins's claims, setting forth the facts in a manner that is not ambiguous or confusing. *See Garrett*, 938 F.3d at 93. Here, Hoskins's Complaint completely lacks a narrative of events explaining the factual or legal basis for any of Hoskins's claims she intends to pursue. Even under a liberal construction of Hoskins's Complaint, the Court is unable to discern against which defendant she brings each claim or what each defendant is alleged to have done to violate her rights.

Hoskins lists the FCEUA, the FDCPA, and the ADA, and, in another section in the form complaint, obliquely alleges the Defendants committed fraud, gave her legal advice "to deceive and mislead the Courts," lied, and "pretend[ed] to forget things when submitting false information to the Courts." (Compl. at 4.) The citations to statutory provisions, untethered to any particular facts, do not suffice to state a claim under those provisions.[2] *See Iqbal*, 556 U.S.

[2] Hoskins asserts violations of federal statutes, the FDCPA and the ADA. The FDCPA "provides a remedy for consumers who have been subjected to abusive, deceptive or unfair debt collection practices by debt collectors." *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005) (citing *Pollice v. Nat'l Tax Funding, L.P.,* 225 F.3d 379, 400 (3d Cir. 2000)). "The FDCPA pursues these stated purposes by imposing affirmative requirements on debt collectors and prohibiting a range of debt-collection practices." *Id.* (citing 15 U.S.C. §§ 1692b-1692j); *see also Riccio v. Sentry Credit, Inc.*, 954 F.3d 582, 585 (3d Cir. 2020) (*en banc*) ("The FDCPA protects against abusive debt collection practices by imposing restrictions and obligations on third-party debt collectors."). To state a claim under the FDCPA, a plaintiff must allege that (1) he or she "is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Moyer v. Patenaude & Felix, A.P.C.*, 991 F.3d 466, 470 (3d Cir. 2021) (quoting *Jensen v. Pressler & Pressler*, 791 F.3d 413, 417 (3d Cir. 2015)).

at 678 ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (quoting *Twombly*, 550 U.S. at 555)); *id*. (noting that a pleading providing only "labels and conclusions . . . will not do" (quoting *Twombly*, 550 U.S. at 556)); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) ("[W]e start with the question of whether Fowler has made factual allegations that state a plausible ground for relief."). Further, Hoskins's statements such as those asserting that Defendants committed fraud or gave advice intended to deceive and mislead the courts are not factual allegations but conclusions. *Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the

---

As for claims under the ADA, Title III of the ADA prohibits places of public accommodation from discriminating against individuals with disabilities in connection with goods, services, facilities, privileges, advantages or accommodations. 42 U.S.C. § 12182(a). To state a claim under Title III of the ADA, a plaintiff must plausibly allege that: (1) she has a disability; (2) the defendant is a public accommodation within the meaning of the statue; and (3) she was denied goods, services, facilities, privileges, advantages or accommodations due to discrimination based on her disability, which can include failure to reasonably accommodate her disability. *See Matheis v. CSL Plasma, Inc.*, 936 F.3d 171, 175 (3d Cir. 2019); *Douris v. Dougherty*, 192 F. Supp. 2d 358, 368 (E.D. Pa. 2002). However, only injunctive relief is available to a private plaintiff suing under Title III of the ADA, meaning monetary relief is not available. 42 U.S.C. § 12188(a); *Bowers v. Nat'l Collegiate Athletic Ass'nNCAA*, 346 F.3d 402, 433 (3d Cir. 2003) ("Title III defendants cannot be liable for money damages.").

Hoskins also cites to the FCEUA under Pennsylvania law. "The FCEUA, Pennsylvania's analogue to the FDCPA, prohibits 'unfair methods of competition and unfair or deceptive acts or practices with regard to the collection of debts.'" *Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 182 (3d Cir. 2015) (quoting 73 P.S. § 2270.2), *abrogated on other grounds by Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466 (2019). The Act provides that "[i]t shall constitute an unfair or deceptive debt collection act or practice under this act if a debt collector violates any of the provisions of the [FDCPA]." *Benner v. Bank of Am., N.A.*, 917 F. Supp. 2d 338, 344 (E.D. Pa. 2013) (quoting 73 Pa. Stat. § 2270.4). The FCEUA does not provide its own private cause of action but is enforced through the remedial provision of Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL). *Id*. Accordingly, the FCEUA provides that "[i]f a debt collector or creditor engages in an unfair or deceptive debt collection act or practice under this act, it shall constitute a violation of the [UTPCPL]." 73 P.S. § 2270.5(a).

conclusion to an ultimate legal issue."). While the Court accepts plausible factual allegations as true, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555); *see also James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012) (same).

In sum, Hoskins's Complaint does not comply with Rule 8's requirement that the pleadings contain a "short and plain statement" of the grounds for relief, and Rule 10's requirement for a narrative factual statement presented in numbered paragraphs so that Defendants can meaningfully respond to the allegations. Because no Defendant could respond on the merits to the Complaint, it must be dismissed. *See Gowans,* 2025 WL 2848907, at *1 ("The District Court did not abuse its discretion when it dismissed Gowan's [sic] second amended complaint under Rule 8, as it was so vague that it did not provide 'notice of what the claim is and the grounds upon which it rests.'" (quoting *Garrett*, 938 F.3d at 92)); *see also Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the Complaint for failure to comply with the Federal Rules of Civil Procedure and failure to state a claim under 28 U.S.C. 1915(e)(2)(B)(ii). However, mindful of Hoskins's *pro se* status, the Court will grant her leave to file an amended complaint to explain the "who, what, where, when and why of [her] claim." *See Davis v. Internal Revenue Serv.*, No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022) (internal quotation marks omitted). If Hoskins seeks to proceed with her case against the

Defendants, she is reminded to file a comprehensive amended complaint containing a coherent articulation of facts set forth in numbered paragraphs explaining what each Defendant did or did not do that allegedly caused her injury. Westlake's Motion to Dismiss Pursuant to Rule 12(b)(6) and Hoskins's "Emergency Motion for Clarification" will be denied without prejudice as moot.

An Order follows, which provides further instruction as to amendment.

**BY THE COURT:**



**HON. MIA R. PEREZ**